IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHANON GOFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:13cv60-MHT |
| ) | (WO) |
| STATE MILITARY DEP'T, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

On January 7, 2013, *pro se* plaintiff Shanon Goff ("Goff"), filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101-12213, the Rehabilitation Act, 29 U.S.C. § 794(a), and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615, alleging that she was discriminated against by the defendants when she was terminated from her employment with the State Military Department of the State of Alabama doing business as the Alabama National Guard ("State Military Department").  She also asserts state law claims of retaliation, "misuse of supervisory power," "oppression," the tort of outrage or the intentional infliction of emotional distress, fraud, defamation, and failure to provide a safe workplace.  Goff names as defendants her employing agency, the State

Military Department, as well as individuals Mark Weeks[1] ("Weeks"), Walter Burke[2] ("Burke"), Connie Newman[3] ("Newman") and Toni Middleton[4] ("Middleton"). The court has jurisdiction of the plaintiff's claims pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, and the jurisdictional grants contained in the federal statutes. Similarly, the court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367(a).

This case is now pending before the court on defendants Weeks, Burke, Newman and Middleton's motions to dismiss the complaint (doc. # 9) and the amended complaint (doc. # 32) pursuant to FED.R.CIV.P. 12(b)(6). The plaintiff filed an amended complaint (doc. # 28) and responses to the defendants' motions to dismiss. (Docs. ## 22, 36 & 39). After careful review of the individual defendants' motions to dismiss and the plaintiff's responses, the court concludes that defendants Weeks, Burke, Newman and Middleton's motions are due to be granted.

## II.  THE STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept

---

[1] Mark Weeks was and is the Military Property and Disbursing Officer for the State Military Department.

[2] Walter Burke was the Accounting Manager in the State Property and Disbursing Office - Finance, State Military Department.

[3] Connie Newman was the Staff Accountant in the State Property and Disbursing Office - Finance, State Military Department.

[4] Toni Middleton was and is the Personnel Assistant, Human Resources Officer, in the State Property and Disbursing Office - Finance, State Military Department.

a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.. See also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned,

3

the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* at 679. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Further, "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 706 (11th Cir. 2010). A plaintiff's *pro se* status must be considered alongside the pleading requirements of *Twombly* and *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Cf.* FED.R.CIV.P. 8(e) ("All pleadings must be construed so as to do justice"). However, the leniency shown to *pro se* litigants "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR*, 132 F.3d at 1369.

## III.  FACTS[5]

Construing Goff's complaint and amended complaint liberally in light of her *pro se* status, and relying on her description of the facts,[6] it appears that Goff began her employment at the State Military Department some time in 2009.  Goff worked as a Departmental Procurement Officer in the State Property and Disbursing Office - Finance, initially under the supervision of Walter Burke.  During 2011, Goff complained to Burke that she was being harassed and subjected to a hostile work environment by Connie Newman.  According to Goff, Newman was the leader of the "office clique;" she gossiped about her; spoke to her in sarcastic tones; and intentionally attempted to sabotage Goff's work.

Although Goff complained to Burke, Weeks and Middleton about Newman's conduct, when the office was restructured in December, 2011, Newman was assigned to supervise Goff.[7]  On December 13 and 14, 2011, Goff was off work due to sick child.  She returned to work on December 15, 2011.  When she returned from lunch on that day, she slipped and fell on unmarked wet paint outside the building.[8]

---

[5]  At this stage of the proceedings, for purposes of ruling on the motions to dismiss, the facts alleged in the complaint and reasonable inferences to be drawn there from are set forth in the light most favorable to the plaintiff.  *See Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir. 2010).

[6]  The plaintiff's pleadings are not a model of clarity.

[7]  In December 2011, Goff was supervised by Newman.  Newman was supervised by Burke.  Burke was supervised by Weeks.  Middleton was in the human resources office and not in the same chain of command as in the Property and Disbursing Office - Finance.

[8]  Goff was subsequently denied workers compensation benefits for the fall because it was determined that she did not suffer an on-the-job injury.  When she requested the name of the insurance contact for the contractor who was responsible for the paint, neither Weeks nor Middleton gave her the contact information.

In January 2012, Goff spoke to Middleton about her leave and the necessity to see a chiropractic because of her back injury. According to Goff, Middleton told her to "just take leave without pay." On February 28, 2012, Goff was prescribed physical therapy to treat her back injury. Middleton provided Goff with paperwork to apply for leave under the FMLA which Goff completed and submitted.

Goff filed a grievance on March 26, 2012 in which she stated that she had filed a complaint with the EEOC. Goff's grievance was denied on March 27, 2012, and she received her first written reprimand on March 30, 2012.

On April 2, 2012, Goff retained an attorney to handle her worker's compensation medical claims. On April 10, 2012, Goff was diagnosed as suffering from sacroilitis.

On April 19, 2012, Goff picked up her sick child at daycare and was out of work on Friday, April 20, 2012. Goff returned to work on April 24, 2012, and was terminated from her employment.[9]

### III. DISCUSSION

#### A.    Title VII Claims

Defendants Weeks, Burke, Newman and Middleton assert that the claims against them should be dismissed because Title VII claims cannot be maintained against individuals. The court agrees. Title VII claims may not be maintained against individuals. *See Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). *See also*, *e.g., Shotz v. City of Plantation*, 344

---

[9] April 23, 2012, was a state holiday.

F.3d 1161, 1174 n.20 (11th Cir. 2003) (noting that Title VII does not provide a remedy against individual defendants); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (noting that individuals cannot be held liable under Title VII). "The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). Because the plaintiff cannot bring Title VII claims against the individual defendants, their motions to dismiss are due to be granted and they are due to be dismissed as defendants in this action.

### B. Disability Claims

The plaintiff also alleges that the defendants discriminated against her in violation of the Americans with Disabilities Act and the Rehabilitation Act. "Claims brought under the Rehab Act are analyzed under the same framework as the ADA, and, thus, need not be addressed separately." *Gilliard v. Ga. Dep't of Corrs.*, 500 Fed. Appx. 860, 867 (11th Cir. 2012). Consequently, the court considers the plaintiff's claims under the ADA and the Rehabilitation Act collectively.

Although the plaintiff sues Weeks, Burke, Newman and Middleton under the ADA and the Rehabilitation Act, the ADA does not provide a basis for holding them individually liable. The ADA provides that no covered *employer* shall discriminate against "a qualified individual with a disability because of the disability of such individual" in any of the "terms, conditions [or] privileges of employment." 42 U.S.C. § 12112(a) (emphasis added). The ADA does not "provide for individual liability, only for employer liability," in the context

of employment. *Rylee v. Chapman*, 316 Fed. Appx. 901, 905 (11th Cir. 2009) *quoting Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996). It is undisputed that Goff was employed by the State Military Department, and that Weeks, Burke, Newman and Middleton were not Goff's employer. Because these defendants were not Goff's employer, Goff cannot, as a matter of law, establish a basis for liability under the ADA against them. *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007).

Goff also contends that she has been retaliated against by these defendants in violation of 42 U.S.C. § 12203. "[I]ndividual liability is precluded under § 12203 where the act or practice opposed by the plaintiff is made unlawful by Subchapter I of the ADA." *Albra*, 490 F.3d at 834. In *Albra*, the Eleventh Circuit specifically held that "individuals are not amendable to private suit for violating the ADA's anti-retaliation provision, 42 U.S.C. § 12203, where the act or practice opposed by the plaintiff is made unlawful by the ADA provisions concerning employment." 490 F.3d at 827. Consequently, the defendants' motion to dismiss the ADA and Rehabilitation claims against them is due to be granted.

### C.    FMLA Claims

The plaintiff also alleges claims of retaliation and interference under the FMLA.

> The FMLA creates two types of claims: interference claims, in which an employee asserts that [her] employer denied or otherwise interfered with [her] substantive rights under the Act, *see* 29 U.S.C. § 2615(a)(1), and retaliation claims, in which an employee asserts that [her] employer discriminated against [her] because [s]he engaged in activity protected by the Act, *see* 29 U.S.C. § 2651(a)(1); 29 C.F.R. § 825.220(c). . . .

*Strickland v. Water Works & Sewer Bd. of the City of Birmingham*, 239 F.3d 1199, 1206

(11th Cir. 2001). *See also Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269, 1272 (11th Cir. 2012) ("Under section 2615(a) of the FMLA, an employee may bring two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act; and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in an activity protected by the act."); *Russell v. North Broward Hosp.*, 346 F.3d 1335, 1340 (11th Cir. 2003) ("The two types of claims available to employees under the FMLA are interference and retaliation claims.")

To sustain a claim of interference under the FMLA, Goff must allege that she was entitled to but denied FMLA leave. *See generally Strickland*, 239 F.3d at 1208. It is undisputed that Goff applied for, and took leave to which she was entitled under the FMLA. "In an interference claim the employee must show only that he or she 'was entitled to the benefit denied.'" *Russell*, 346 F.3d 1340. Because Goff admits that she took FMLA leave, she cannot demonstrate that she was denied FMLA leave for which she applied.[10] Consequently, the court concludes that the plaintiff's interference claim under the FMLA is due to be dismissed.

Moreover, to the extent that Goff seeks to raise interference or retaliation claims against Weeks, Burke, Newman and Middleton in their individual capacities, the defendants'

---

[10] It appears from her pleadings that Goff is complaining that she was not notified that her FMLA leave was approved. Regardless of whether she was notified that her leave was approved, it is undisputed that Goff was able to take leave.

9

motion to dismiss is due to be granted. It is undisputed that Weeks, Burke, Newman and Middleton were not Goff's employer for purposes of the FMLA. Consequently, under the plain language of 29 U.S.C. § 2615(a), Goff cannot maintain either a retaliation or interference claim against these defendants.[11] *See Jerome v. Barcelo Crestline, Inc.*, 507 Fed. Appx. 861, 863 (11th Cir. 2013) *Petition for Certiorari filed* (Jun. 1, 2013) (NO. 12-10652) (To prove a claim of FMLA retaliation, "an employee must show that his employer intentionally discriminated against [her] for exercising an FMLA right.") The defendants' motion to dismiss Goff's FLMA claims is due to be granted.

### D. State Law Claims

**1. Retaliation for filing worker's compensation claim**. The plaintiff contends that the defendants retaliated against her for filing a worker's compensation claim. Alabama law is clear. "The Workmen's Compensation Law of Alabama does not extend its benefits to its own employees, or the employees of its agencies and departments." *Breeding v. Tennessee Valley Authority*, 9 So. 2d 6, 7 (1942). As a state employee, Goff "must depend on such relief as may be had through the State Board of Adjustment." *Id. See also Employers Ins. Co. v. Harrison*, 33 So. 2d 264, 267 (Ala. 1947). Consequently, any claims arising out of her worker's compensation claim are due to be dismissed.

---

[11] 29 U.S.C. § 2615(b) provides that "it shall be unlawful for any person" to interfere with proceedings or inquiries under the FMLA. Even liberally construing Goff's complaint to allege such a claim, she must do more than simply assert that she is entitled to relief. "[A] plaintiff's obligation to provide the 'grounds' of h[er] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. Goff has failed to allege sufficient facts in support of this claim to survive the defendants' motion to dismiss.

    **2. Misuse of supervisory power claim**.  Although Goff alleges a claim of "misuse of supervisory power," her complaint fails to adequately establish a legal basis to support such a claim.  Goff identifies no statutory grounds or other legal theory upon which this claim is based, nor is the court aware of any such state law claim.  In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555.  Moreover, although FED.R.CIV.P. 8 does not require detailed factual allegations, it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  Goff must do more than simply assert that she is entitled to relief on this basis, and this she fails to do.  Her allegations regarding this claim are wholly insufficient under *Twombly, supra*, and therefore, due to be dismissed.

    **3. Oppression**.  Goff alleges a claim of oppression.  However, the tort of oppression is a claim wherein shareholders seek to challenge corporate actions.  To establish the tort of oppression, a plaintiff must demonstrate that the defendants "acting through the board and corporate officers, which they control, deprive[d] [her] of [her] just share of corporate gains." *Burt v. Burt Boiler Works, Inc.*, 360 So. 2d 327, 332 (Ala. 1978). *See also Robbins v. Sanders*, 927 So. 2d 777, 779 (Ala. 2005); *Galbreath v. Scott*, 433 So. 2d 454, 457 (Ala. 1983).  Clearly, in the context of this case, the tort of oppression is not available to Goff.  Accordingly, the court concludes that the defendants' motion to dismiss this claim is due to be granted.

### 4.  Tort of Outrage - Intentional Infliction of Emotional Distress claim.

The plaintiff alleges that the conduct she endured at the State Military Department was sufficiently egregious to constitute the tort of outrage.  The Alabama Supreme Court first recognized the tort of outrage, or intentional infliction of emotional distress, in *American Road Service Co. v. Inmon*, 394 So. 2d 361 (Ala. 1980).

> In *Inmon,* the Court held that to present a jury question the plaintiff must present sufficient evidence that the defendant's conduct (1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it.

*Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041, 1043 (Ala. 1993).  The Alabama Supreme Court has declined to impose liability against an employer except in the most egregious cases.  *Id.*, at 1044.

To establish a claim of the tort of outrage, the plaintiff must demonstrate that "(1) the defendants either intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from their conduct; (2) that the defendants' conduct was extreme and outrageous; and (3) that the defendants' conduct caused emotional distress so severe that no reasonable person could be expected to endure it."  *Callens v. Jefferson County Nursing Home*, 769 So. 2d 273, 281 (Ala. 2000) (citing *Inmon*, 394 So. 2d at 365). *See also Soti v. Lowe's Home Ctrs, Inc.*, 906 So. 2d 916, 919 (Ala. 2005).  The Alabama Supreme Court stringently applies the *Inmon* test to claims of outrage.  *See Cont'l Cas. Ins. Co. v. McDonald*, 567 So. 2d 1208, 1211 (Ala. 1990).

The emotional distress [resulting from the conduct] must be so severe that no

> reasonable person could be expected to endure it. Any recovery must be reasonable and justified under the circumstances, liability ensuing only when the conduct is extreme. . . By extreme we refer to conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

*Gibbs v. Aetna Cas. & Surety Co.*, 604 So.2d 414, 415 (Ala. 1992) *quoting Inmon*, 394 So. 2d at 365.  *See also Soti,* 906 So. 2d at 919; *Garvin v. Shewbart*, 564 So. 2d 428, 431 (Ala. 1990); *Travelers Indem. Co. of Ill. v. Griner*, 809 So. 2d 808, 810 (Ala. 2001); *ITT Specialty Risk Servs. Inc. v. Barr*, 842 So. 2d 638, 644 (Ala. 2002); *Farley v. CNA Ins. Co.*, 576 So. 2d 158, 159 (Ala. 1991).

The plaintiff has not come forward with sufficient facts to survive the defendants' motion to dismiss.  Specifically, the plaintiff failed to allege any facts that the defendants' conduct was "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency," or that she suffered extreme emotional distress as a result of their conduct.  Accordingly, the court concludes that the defendants' motion to dismiss her claims of outrage and/or intentional infliction of emotional distress is due to be granted.

**5. Fraud**.  Although Goff refers to fraud in her pleadings, her complaint fails to adequately establish a factual basis for her claim.  She has alleged no facts that support a fraud claim.  For example, to establish a claim of fraudulent misrepresentation, a plaintiff must show: (1) that the defendants misrepresented a material fact; (2) that the defendants made the misrepresentation willfully to deceive, or recklessly without knowledge; (3) that the plaintiff relied upon the misrepresentation; and (4) that the plaintiff incurred damage as

13

a proximate consequence of the reliance. *Booker v. United Amer. Ins. Co.*, 700 So. 2d 1333, 1338 (Ala. 1997) (citing Ala. Code 1975, § 6-5-101). Another form of fraud in Alabama is "fraudulent suppression of a material fact." *See Stoner v. Anderson*, 701 So. 2d 1140, 1143 (Ala. 1997). Beyond the use of the term fraud, Goff does not allege that the defendants concealed or failed to disclose material facts. Goff must do more than simply assert that she is entitled to relief. Her claim of fraud is wholly insufficient under *Twombly, supra*.

Moreover, FED.R.CIV.P. 9(b) requires the plaintiff, when alleging a claim of fraud, to "state with particularity the circumstances constituting fraud or mistake." This Goff fails to do. Consequently, the court concludes that the defendants' motion to dismiss the plaintiff's fraud claim is due to be granted.

**6. Defamation**. The plaintiff alleges a defamation claim based on statements allegedly made by Newman in the course of her termination. To establish an actionable defamation claim, Goff must allege that the defendants "published to a third person a false and defamatory statement about her." *Brackin v. Trimmier Law Firm*, 897 So.2d 207, 218 (2004). *See also Nelson v. Lapeyrouse Grain Corp*., 534 So. 2d 1085 (1998) (Defamation claim requires "communication of a defamatory matter to a third person.") Goff alleges Newman made statements to Weeks and Burke to support her termination. However, it is undisputed that Newman, Weeks and Burks were Goff's supervisors, and that the statements about which Goff complains were made in the course of their employment with the State Military Department. Communications between employees, within the scope of the

employees' duties and within the scope of their employment "cannot, as a matter of law, properly serve as the basis for [Goff's] defamation claim." *Brackin*, 897 So. 2d at 222.

> "'[Officers and employees] are a part and parcel of the corporation itself, so much so, indeed, that their acts within the limits of their employment are the acts of the corporation. For a corporation, therefore, acting through one of its agents or representatives, to send a libelous communication to another of its agents or representatives, cannot be a publication of the libel on the part of the corporation. It is but communicating with itself.'"

*Nelson*, 534 So. 2d at 1093-94 *quoting Burney v. Southern Ry.*, 165 So. 2d 726, 729 (1964). *See also McDaniel v. Crescent Motors, Inc.*, 31 So. 2d 343, 345 (1947) ("The fact that the words were spoken by one of defendant's managers in the presence of two other managers in the course of transacting defendant's business, and in the line of their duty as officers of defendant, all in respect to defendant's relations with plaintiff as an employee against whom complaint had been made in connection with his duties as an employee and in respect to that complaint does not alone make the conversation a publication so as to constitute slander.") Consequently, the defendants' motion to dismiss Goff's defamation claim is due to be granted.

      **7. Failure to provide a safe workplace.** Goff accuses defendant Burke of failing to provide a safe workplace. Alabama's Workers' Compensation Act requires employers to furnish a "reasonably safe" work environment. *See* ALA CODE § 25-1-1(a) (1975).[12]  However, this claim is barred by the exclusivity provisions of the Act which

---

[12] Ala Code 1975 § 25-1-1(a) provides as follows.

    (a) Every employer shall furnish employment which shall be reasonably

provide, in pertinent part, that an employee cannot seek "compensation or damages," other than under the Act, "for an injury or death occasioned by an accident . . . proximately resulting from and while engaged in the actual performance of the duties of his or her employment and from a cause originating in such employment or determination thereof."

ALA. CODE § 25-5-52 (1975). Section 25-5-53 provides, in pertinent part, as follows:

> The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee, ... at common law, by statute, or otherwise on account of injury.... Except as provided in this chapter, no employer shall be held civilly liable for personal injury to ... the employer's employee, for purposes of this chapter, whose injury or death is due to an accident ... while engaged in the service or business of the employer, the cause of which accident ... originates in the employment.

ALA. CODE § 25-5-53 (1975). *See also Ex parte Progress Rail Servs Corp,* 869 So. 2d 459 (Ala. 2003); *Hudson v. Renosol Seating, LLC*, 73 So. 3d 1267, 1274 (Ala. Civ. App. 2011)

This claim is barred in this court for the same reasons why Goff must pursue her workers' compensation claims at the Board of Adjustment. *See Breeding*, *supra* (state employee must claims before the Board of Adjustment). Accordingly, the court concludes that the defendants' motion to dismiss this claim is due to be granted.

E.  **First Amendment Claim**

Goff purports to raise a First Amendment claim. In its entirety, her claim is as

---

safe for the employees engaged therein and shall furnish and use safety devices and safeguards and shall adopt and use methods and processes reasonably adequate to render such employment and the places where the employment is performed reasonably safe for his employees and others who are not trespassers, and he shall do everything reasonably necessary to protect the life, health and safety of his employees and others who are not trespassers.

follows.[13]

> violated 1st amendment rights as Alabama tax payer, to ask if HVAC po could be done on one purchase order instead of 130 separate (sic) pos because they cost $12-15 each to send out and Govenor (sic), during time of proration was asking State employees how money could be saved.

(Doc. # 28, Am. Compl. at 3)

Goff does not identify which defendant allegedly violated her rights but more importantly, her complaint wholly fails to establish a factual basis for her claim. Because Goff has failed to allege sufficient grounds that would entitle her to relief, the defendants' motion to dismiss this claim is due to be granted. *See Twombly*, 550 U.S. at 555.

### F.     Other Claims

In her amended complaint, Goff enumerates a variety of claims by title only. For example, she lists the following: "benevolent stereotyping," "Procedural Due Process Violation [14th Amendment of the U.S. Constitution; 42 U.S.C. § 1983,"and "Violation of FLSA [29 U.S.C. § 201 *et seq*.]" All litigants, including those proceeding *pro se*, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe Goff's pleadings, *see Hughes v. Rowe*, 449 U.S. 5 (1980), the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain a cause of action." *GJR*, 132 F.3d at 1369. Simply delineating statutes or titles is insufficient as a matter of law to state a claim, and the court declines to

---

[13] The court has scoured the plaintiff's complaint and amended complaint and this is the only reference to the First Amendment contained in those documents.

construe these labels as sufficient to state a cause of action.

### IV.  CONCLUSION

Accordingly, Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge as follows:

1.  That defendants Weeks, Burke, Newman and Middleton's motions to dismiss (doc. # 9 & 32) be GRANTED;

2.  That the plaintiff's federal claims against defendants Weeks, Burke, Newman and Middleton be DISMISSED;

3.  That the plaintiff's state law claims be DISMISSED; and

4.  That this case, with respect to the plaintiff's remaining federal claims against defendant State Military Department,[14] be REFERRED BACK to the undersigned for further proceedings.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **September 13, 2013**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District

---

[14] The only remaining claims before the court is plaintiff's Title VII, ADA, Rehabilitation Act and FMLA claims that can proceed against her employer, State Military Department.

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of August, 2013.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE